UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACORI WILLIAMS, | No. CV 14-9109 RGK (FFM) |
| Petitioner, | ORDER DISMISSING ACTION FOR LACK OF JURISDICTION |
| v. | |
| JEFFERY A. BEARD, CDCR, DIR., | |
| Respondent. | |

Jacori Williams, a California State prisoner proceeding *pro se*, apparently wishes to challenge a state court conviction by eventually seeking federal habeas relief. Rather than filing a petition for writ of habeas corpus, Williams filed a document ostensibly seeking a stay (the "Application"). However, in that Williams has not filed any petition for habeas relief with this Court, there is nothing for this Court to stay at this time. It appears that Williams may want an extension of time to comply with federal filing deadlines.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 869 (1981). As Williams has not actually filed a federal habeas petition challenging his conviction and/or sentence, there is no case or controversy before the Court, and he essentially seeks an advisory opinion. *See Calderon v. Ashmus*, 523 U.S. 740,

118 S. Ct. 1694, 1698 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside).

By the Application, Williams asks the Court to decide prospectively whether his habeas petition will be time-barred when filed at some unspecified future date, without any adverse parties before it and without any information on which to base any conclusion that such a filing properly will fall within the one-year limitations period, even as extended. The Court cannot grant Williams the prospective relief he seeks without offending the case or controversy requirement of the Constitution.

Should Williams hereafter file his habeas petition and should the respondent raise the one-year limitations period as a bar to relief, Williams may then make any statutory tolling or equitable tolling arguments available to him. At that point, the Court may consider whether the Section 2244(d)(1) limitations period can be tolled.

Based upon the foregoing, IT IS ORDERED that Judgment be entered dismissing this action without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Williams.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   12/8/14

_____
R. GARY KLAUSNER
United States District Judge

Presented by:

   /S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
United States Magistrate Judge

2